719 S.E.2d 667

**In the Matter of Max B. SINGLETON, Respondent.**

**No. 27079.**

Supreme Court of South Carolina.

Submitted Nov. 21, 2011.

Decided Dec. 19, 2011.

Lesley M. Coggiola Disciplinary Counsel, and Sabrina C. Todd, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Max B. Singleton, of Greer, pro se.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to the imposition of a public reprimand with conditions. We accept the agreement and issue a public reprimand with conditions as specified in the conclusion of this opinion. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

Respondent represented Client A on criminal charges. Respondent failed to communicate with Client A for several months and failed to timely relay a plea offer made during that time. Several months after the initial plea offer, the prosecutor made a more favorable plea offer. Respondent relayed the plea offer to Client A; Client A rejected the offer. Ultimately, the charges against Client A were dismissed.

Respondent did not respond to ODC's initial inquiry in this matter and did not respond in a timely manner to a reminder letter sent pursuant to *In the Matter of Treacy,* 277 S.C. 514, 290 S.E.2d 240 (1982).

## *Matter II*

Client B, a criminal defense client, filed a complaint against respondent. Although the investigation did not reveal misconduct during the representation, respondent failed to respond to ODC's initial inquiry and responded only after receiving a reminder letter pursuant to *In the Matter of Treacy, id.*

## *Matter III*

Respondent represented Client C on criminal charges. A dispute arose concerning the fee respondent originally quoted and the fee he collected. Respondent believed he had a written fee agreement with Client C, but failed to retain a copy as required by Rule 417, SCACR. Respondent further violated Rule 417, SCACR, by failing to retain records of the source and amount of payments received.

During the investigation, respondent failed to timely respond to several inquiries from ODC. He cited the birth of his daughter and his wife's related medical problems for the delay of some of his responses. Respondent admits these personal issues negatively impacted his communications with Client C and other clients.

## *Matter IV*

Respondent wrote to Client D, directly soliciting the client to hire him on pending drug charges. Client D was not an attorney and was a stranger to respondent.

Respondent did not file a copy of the letter with the Commission on Lawyer Conduct as required by Rule 7.3(c), RPC, Rule 407, SCACR. The letter contained none of the statements required by Rule 7.3(d)(1), (2), and (3), although respondent represents he included a second page with the mailing which included each of the statements required by the rule. Respondent was unable to produce a complete copy of the letter he mailed to Client D. Additionally, respondent acknowledges Rule 7.3 requires that the words "ADVERTISING MATERIAL" appear on the front of each page of the material and the words were not on the first page of the letter he sent to Client D.

Respondent filed an untimely response to ODC's initial inquiry in this matter.

## Matter V

Respondent represented Client E on criminal charges. He failed to adequately communicate with Client D during the misrepresentation and was ultimately relieved at the client's request.

Respondent failed to submit a full and timely response to ODC's request for additional information in this matter.

## Matter VI

Client F hired respondent to represent him on criminal charges. Sometime after respondent began work and made an appearance, the client advised he was unable to pay respondent's fee and asked respondent to step aside so he could be assigned a public defender. Respondent failed to timely respond to this request, thereby delaying the client's access to a public defender.

Respondent did not respond to ODC's Notice of Investigation. ODC sent respondent a reminder letter pursuant to *In the Matter of Treacy, supra,* and scheduled respondent for an interview. Respondent responded shortly before his scheduled interview, approximately two months after issuance of the reminder letter.

## Matter VII

Client G hired respondent to represent her on pending criminal charges in Spartanburg County. Respondent reports he had worked out a favorable plea deal approximately eleven months into the representation, but the plea was postponed indefinitely as a result of the client's attempted suicide. By that time Client G had also been charged with a crime in Greenville County. Thereafter, she was arrested on three additional Greenville County charges.

Respondent agreed to represent Client G on all of her pending charges in both counties. At times, respondent failed to keep Client G informed of the status of her Spartanburg County charges.

Respondent failed to timely respond to ODC's Notice of Investigation in this matter, but submitted a response shortly before his interview with ODC. Before the interview, respondent spoke with Client G and they agreed she would release

him from representing her on the Greenville County charges. Respondent prepared an order releasing him on three of the Greenville County charges, but failed to release him on the fourth. Believing he had been released on all of Client G's Greenville County charges, he ceased working on the charges even though he still represented Client G on the fourth charge.

During his interview with ODC, respondent agreed to submit additional information to support his response in the matter. After the interview, ODC sent respondent a written request for the additional information on April 13, 2011. In spite of reminders by letter and telephone, respondent failed to comply with the request for additional information until August 10, 2011. His response was incomplete and required ODC to make multiple additional inquiries to obtain a complete response.

## LAW

 Respondent admits that, by his misconduct, he has violated the Rules of Professional Conduct, Rule 407, SCACR, particularly Rule 1.2 (lawyer shall abide by a client's decisions concerning objectives of representation); Rule 1.3 (lawyer shall act with diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter and promptly inform client of any decision or circumstance to which client's informed consent is required); Rule 1.16(d) (upon termination of representation, lawyer shall take steps to the extent reasonably practicable to protect a client's interests); Rule 7.3(c) (lawyer who uses written solicitation shall maintain a file for two years showing the basis by which lawyer knows the person solicited needs legal services and the factual basis for any statements made in the written communication); Rule 7.3(d) (every written communication from lawyer soliciting professional employment from a prospective client known to be in need of legal services in a particular matter, and with whom the lawyer has no family, close personal or prior professional relationship, shall conform to Rules 7.1 and 7.2, RPC, and communication must contain certain statements); and Rule 8.1(b) (lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority). In addition, respondent further admits that he violated provisions of Rule 417, SCACR. Re-

spondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(3) (it shall be ground for discipline for lawyer to knowingly fail to respond to a lawful demand from disciplinary authority).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct. In addition, respondent shall 1) pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty days of the date of this opinion and 2) complete the Legal Ethics and Practice Program Ethics School, Trust Account School, and Advertising School within one year of the date of this opinion.

Further, within forty-five days of the date of this opinion, respondent shall hire a law office management advisor approved by the Commission. Within thirty days of retaining the advisor, respondent shall meet with the advisor to conduct a thorough review of respondent's law office management practices. Within thirty days of the review, the advisor shall file a complete report of respondent's law office management practices with the Commission. The report shall include a review, an analysis, and recommendations concerning respondent's law office management practices. Thereafter, for a period of two years, respondent shall meet with his advisor once every three months and the advisor shall file a complete report with the Commission within thirty days of each meeting. Respondent shall be responsible for payment of the advisor as well as timely submission of the advisor's reports.

Respondent's failure to comply with any of the conditions set forth in this opinion or with the advisor's recommendations shall constitute grounds for discipline.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.