# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Max Singleton, Respondent.

Appellate Case No. 2015-000536

---

Opinion No. 27521
Submitted April 23, 2015 – Filed May 13, 2015

---

### DEFINITE SUSPENSION

---

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Max B. Singleton, of Greer, pro se.

---

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand or definite suspension not to exceed nine (9) months.  Respondent requests that any suspension be imposed retroactively to November 7, 2014, the date of his interim suspension.  In the Matter of Singleton, 410 S.C. 504, 765 S.E.2d 147 (2014).  Respondent further agrees to enter into a restitution plan to pay the costs incurred in the investigation and prosecution of this matter within thirty (30) days of the imposition of discipline and to complete the Legal Ethics and Practice Program Ethics School, Trust Account School, and Advertising School within nine (9) months of the imposition of discipline.  Finally, respondent agrees that, within thirty (30) days of his reinstatement to the practice of law, he will enter into a restitution agreement with the Commission on Lawyer Conduct (the Commission) to pay persons and entities harmed as a result of his misconduct as discussed in this opinion.  We accept the Agreement and suspend respondent from the practice of law in this state for nine (9) months, not retroactive

to the date of his interim suspension. In addition, respondent shall enter into a restitution plan to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this opinion and he shall complete the Legal Ethics and Practice Program Ethics School, Trust Account School, and Advertising School no later than nine (9) months from the date of this opinion. Further, in the event he is reinstated to the practice of law, respondent shall enter into a restitution agreement within thirty (30) days of the date of his reinstatement to pay persons and entities harmed as a result of his misconduct as discussed in this opinion. The facts, as set forth in the Agreement, are as follows.

## Facts

### Matter I

Respondent was retained to represent Complainant A on a matter in traffic court as well as two other criminal matters. After receiving a summons to appear in Magistrate's Court on the traffic matter, Complainant A attempted to reach respondent about the hearing but was unsuccessful. Complainant A appeared in court without representation and, after communicating with respondent by text message, Complainant A resolved the ticket by agreeing to pay a reduced fine.

Respondent represents he was not notified of the Magistrate's Court hearing. Respondent further represents that he was in General Sessions Court for a guilty plea with another client at the time of the Magistrate's Court hearing in Complainant A's case. Respondent did not continue his representation of Complainant A on the remaining matters.

Respondent failed to refund the unearned fees to Complainant A. After a finding by the Resolution of Fee Disputes Board, respondent was ordered to pay $700.00 to Complainant A. Respondent represents he did not pay the award because he did not have the funds to do so.

On August 15, 2012, a Notice of Investigation was mailed to respondent requesting a response to the complaint within fifteen days. When no response was received, respondent was served with a letter pursuant to In the Matter of Treacy, 277 S.C. 514, 290 S.E.2d 240 (1982), on September 19, 2012, again requesting respondent's response. Respondent's written response was received by ODC on October 26, 2012.

## Matter II

In 2008, respondent engaged the services of a court reporting agency. In December of 2011, the court reporting agency filed a complaint with the Commission due to respondent's failure to pay an outstanding invoice in the amount of $588.72. Following the complaint, respondent mailed a check for $200.00 to the court reporting agency on or about February 20, 2012, along with an agreement to mail another payment of $200.00 on or about March 8, 2012, and a final payment of $188.72 on or about March 29, 2012. The disciplinary matter was resolved based on respondent's agreement to make the payments as outlined. The agency accepted the initial $200 payment from respondent and agreed to deduct the accrued interest of $188.72 from the amount due, leaving an unpaid balance of $200.00.

On August 1, 2012, the agency filed a second complaint against respondent for failure to pay the remaining $200.00 balance due on the invoice. Respondent represents he did not pay the final balance to the court reporting agency because he did not have the funds to do so.

## Matter III

In July 2012, Complainant B retained respondent in a criminal matter. At times during the representation, respondent failed to adequately communicate with Complainant B regarding the status of Complainant B's case. Complainant B hired new counsel and respondent was relieved from representation.

## Matter IV

A circuit court judge received a letter from respondent requesting protection from March 4, 2013, to June 3, 2013, for health reasons. The judge was concerned about the requested leave as respondent had cases that were scheduled to be heard during the time of the requested leave.

The judge asked his law clerk to arrange a meeting with respondent prior to the requested leave date. The law clerk sent an email to respondent on February 28, 2013, inquiring when respondent would be available for a meeting with the circuit court judge. On March 1, 2013, respondent sent an email to the law clerk stating:

"I don't know because my wife is still in the hospital and is going to be put on bed rest for the remainder of her pregnancy. She is 31 weeks."

There was no further communication between respondent and the judge prior to the requested protection date. Respondent did not appear in court during the requested protection period. After receiving an email from the judge about a specific case that was scheduled during the protection period, respondent informed the judge that he mistakenly thought that he had been protected by the court.

On April 3, 2013, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen days. When no response was received, respondent was served with a letter pursuant to In the Matter of Treacy, id., on May 24, 2013, again requesting respondent's response. Respondent's written response was received by ODC on June 10, 2013.

## Matter V

Respondent was retained to represent Complainant C in a criminal matter. Complainant C was scheduled to appear in court for the trial docket on November 26, 2012. Respondent had previously informed Complainant C that he would not have to appear in court unless it was for a trial or a plea.

On the eve of court, respondent discovered he would not be able to attend court on November 26, 2012, due to a medical emergency. Respondent represents that he attempted to call Complainant C to inform him that Complainant C needed to appear in court the following day, but respondent was unable to reach Complainant C prior to court. Respondent further represents that he left a voice mail at the Solicitor's Office informing the prosecutor that he would not be in court and that Complainant C did not want to accept the plea offer.

Neither respondent nor Complainant C appeared in court on November 26 and a bench warrant was issued for Complainant C's arrest. Complainant C was arrested on or about April 4, 2013. Respondent represents he was unaware that a bench warrant had been issued for Complainant C. Respondent filed a motion to lift the bench warrant and, following a hearing on May 10, 2013, the bench warrant was lifted.

## Matter VI

After a finding of fact by the Resolution of Fee Disputes Board (Board), respondent was ordered to pay $400.00 to Complainant D.  Respondent failed to pay the judgment and a certificate of non-compliance was issued by the Board on September 4, 2013.  Respondent represents he did not pay the award because he did not have the funds.

Respondent was mailed a Notice of Investigation on September 18, 2013, requesting a response to the complaint within fifteen days.  When no response was received, respondent was served with a letter pursuant to In the Matter of Treacy, id. on November 8, 2013, again requesting respondent's response.  The Treacy letter was returned to ODC unclaimed.  Respondent failed to submit a written response to the Notice of Investigation, but he did appear before Disciplinary Counsel and gave testimony under oath regarding the complaint.

## Matter VII

ODC investigated a complaint in which the investigation did not reveal clear and convincing evidence of misconduct.  Respondent was mailed a Notice of Investigation on February 4, 2014, requesting a response to the complaint within fifteen days.  When no response was received, respondent was served with a letter pursuant to In the Matter of Treacy, id., on February 26, 2014, again requesting respondent's response.  The Treacy letter was returned to ODC unclaimed.  Respondent failed to submit a written response to the Notice of Investigation, but he did appear before Disciplinary Counsel and gave testimony under oath regarding the complaint.

## Matter VIII

Respondent was retained to represent Complainant E in a criminal matter.  At times during the representation, respondent failed to keep Complainant E reasonably informed regarding the status of his case.  Respondent also failed to respond to reasonable requests for information from Complainant E.  At Complainant E's request, respondent was relieved from representation by the court.

Respondent was mailed a Notice of Investigation on May 29, 2014, requesting a response to the complaint within fifteen days.  When no response was received, respondent was served with a letter pursuant to In the Matter of Treacy, id. on July 7, 2014, again requesting respondent's response.  Respondent failed to submit a written response to the Notice of Investigation despite the Treacy letter.

Respondent did appear before Disciplinary Counsel and gave testimony under oath regarding the complaint.

## Matter IX

On December 19, 2011, this Court issued an order of discipline against respondent with conditions.  In the Matter of Singleton, 395 S.C. 521, 719 S.E.2d 667 (2011).  The Office of Commission Counsel monitored respondent's compliance with the conditions imposed by the Court.  Respondent was to provide proof of completion of the South Carolina Bar's Legal Ethics and Practice Program Ethics School, Trust Account School, and Advertising School by December 19, 2012.  Respondent failed to complete any of the required sessions.

Respondent was also required to hire a law office management advisor.  For a period of two years, respondent was required to meet with the advisor on a quarterly basis and the advisor was to file a complete report with the Commission within thirty (30) days of each meeting.  Respondent met with the advisor on three occasions, but failed to schedule all of the required quarterly sessions.  The advisor reported to the Commission that respondent failed to implement the advisor's suggestions for better management of respondent's law office practice.  Respondent represents that he did not implement some of the suggestions because he was in the process of winding down his criminal law practice and was not accepting any new clients.

## **Law**

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR:  Rule 1.4 (lawyer shall provide prompt communication to client and promptly comply with reasonable requests for information); Rule 1.5 (lawyer shall not charge or collect unreasonable fee or unreasonable amount for expenses); Rule 1.15 (lawyer shall safekeep client funds); Rule 1.16(d) (upon termination of representation, lawyer shall refund any advance payment of fee or expense that has not been earned or incurred); Rule 3.4(c) (lawyer shall not knowingly disobey obligation of tribunal); Rule 4.4 (in representing client, lawyer shall not use means that have no substantial purpose other than to burden third person); Rule 8.1(b)(lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority); Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct);

and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers); Rule 7(a)(3) (it shall be ground for discipline for lawyer to willfully violate valid order of the Supreme Court and/or knowingly fail to respond to lawful demand from disciplinary authority to include request for response under Rule 19, RLDE); and Rule 7(a)(10) (it shall be ground for discipline for lawyer to willfully fail to comply with final decision of Resolution of Fee Disputes Board).

## Conclusion

We accept the Agreement and suspend respondent from the practice of law in this state for nine (9) months, not retroactive to the date of his interim suspension.[1]  In addition, respondent shall enter into a restitution plan to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this opinion, complete the Legal Ethics and Practice Program Ethics School, Trust Account School, and Advertising School no later than nine (9) months from the date of this opinion, and provide proof of completion of the programs to the Commission no later than ten (10) days after the conclusion of each program.  Further, in the event he is reinstated to the practice of law, respondent shall enter into a restitution agreement within thirty (30) days of the date of his reinstatement to pay $700.00 to Complainant A, $200.00 to the court reporting agency in Matter II, and $400.00 to Complainant D.  Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

---

[1] Respondent's disciplinary history includes a 2011 public reprimand, In the Matter of Singleton, supra, and a 2012 letter of caution.  The conduct addressed in the letter of caution is relevant to the misconduct in the current proceeding.  See Rule 2(r), RLDE (fact that letter of caution has been issued shall not be considered in subsequent disciplinary proceeding against lawyer unless caution or warning contained in letter of caution is relevant to the misconduct alleged in the new proceedings).

**DEFINITE SUSPENSION.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**